UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-498(DSD/AJB)

Chase Gelakoski,

    Plaintiff,

v.  **ORDER**

Colltech, Incorporated,

    Defendant.

    Brianna R. Sadler, Esq. and Madgett Law, LLC, 3637 Togo Road, Suite 417, Wayzata, MN 55391, counsel for plaintiff.

    Matthew R. Doherty, Esq., Ryan J. Trucke, Esq. and Brutlag, Hartmann & Trucke, PA, 3555 Plymouth Boulevard, Suite 117, Minneapolis, MN 55447, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Colltech, Incorporated (Colltech). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This debt-collection dispute arises from an attempt by Colltech to collect a debt from plaintiff Chase Gelakoski. On November 10, 2010, Dakota Electric Company assigned a debt to Colltech. Costello Aff. ¶ 4. On November 19, 2010, Colltech sent an initial communication letter to Gelakoski. Id. ¶ 10; id. Ex. A,

at 2.[1] Thereafter, during a February 10, 2011, phone conversation, Gelakoski stated that the debt had been paid in full. Id. ¶ 8. In response, a Colltech representative offered to send Gelakoski an itemized statement outlining the still pending debt. Id. Colltech sent the statement on April 26, 2011. Id. Gelakoski disputes that Colltech sent the initial communication letter or the itemized statement. In total, Colltech called Gelakoski nine times in an attempt to collect the debt. Id. ¶ 12.

On January 25, 2012, Gelakoski filed suit in Minnesota court, alleging violations of the Fair Debt Collection Practices Act (FDCPA); the Telephone Consumer Protection Act (TCPA); and common law nuisance, trespass to chattels and invasion of privacy. Colltech timely removed, and moves for summary judgment.

**Discussion**

**I.  Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of

---

[1] This exhibit has a list of seventeen character alpha-numeric sequences. See Costello Aff. Ex. A, at 2. The first entry reads "111910AL010827708." Id. At oral argument, Colltech explained that the first six digits of this sequence are a date, the letters "AL" are a code for "A Letter" and the last nine digits are Gelakoski's account number.

2

the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. FDCPA Claims**

Gelakoski argues that Colltech violated the FDCPA by (1) failing to provide notice as required by 15 U.S.C. § 1692g(a) and (2) engaging in false and misleading practices in violation of 15 U.S.C. § 1692e(10).

**A. Notice**

Under the FDCPA, a debt collector must, within five days of the initial communication, provide the debtor:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Gelakoski argues that his initial communication with Colltech was a December 2010 phone call and that he did not receive the required notice within five days. Colltech responds that its first contact with Gelakoski was an initial communication letter sent on November 19, 2010. See Costello Aff. ¶ 10. Moreover, Colltech explains that the initial communication letter satisfied the requirements of § 1692g(a).

In support, Gelakoski notes that the purported letter has a typewritten date of May 2, 2012, that has been scratched out and

4

replaced with the handwritten date of November 19, 2010. See Costello Aff. Ex. B. Colltech explains, however, that May 2, 2012, was the date that the letter was reprinted and that the "debtor account history" confirms that the initial communication letter was sent on November 19, 2010. See Costello Aff. ¶ 10; id. Ex. A, at 2 (providing "111910" date entry). Although Gelakoski disputes receiving the initial communication letter, section 1692g(a) requires only that notice be sent, and a collection agency "need not establish actual receipt by the debtor." Gray v. Four Oak Court Ass'n, 580 F. Supp. 2d 883, 888 (D. Minn. 2008) (citation and internal quotation marks omitted). Viewing these facts in the light most favorable to Gelakoski, the court concludes that no reasonable juror could find that Colltech failed to send the initial communication letter on November 19, 2010. As a result, Colltech complied with the notice requirement of § 1692g(a), and summary judgment as to this claim is warranted.

**B. False or Misleading Practices**

It is a violation of the FDCPA for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Gelaksoki argues that Colltech violated this provision by (1) failing to send an itemized bill, (2) stating that non-payment would be reported to credit agencies; and (3) calling from a blocked phone number.

5

### 1. Itemized Statement

Gelakoski argues that Colltech failed to send an itemized statement after promising to do so. Colltech responds that the debtor account history shows an entry for "042611," indicating that an itemized statement was sent on April 26, 2011. Costello Aff. ¶ 8; id. Ex. A, at 2. Gelakoski provides no evidence to rebut this presumption, and the court concludes that no reasonable juror could find that Colltech failed to send an itemized statement on April 26, 2011. As a result, Colltech did not make a false or misleading statement in reference to the itemized statement.

### 2. Credit Bureau Reporting

Gelakoski next argues that he disputed the alleged debt and that Colltech improperly threatened to report him to a credit reporting agency. Colltech responds that Gelakoski never disputed the debt as fraudulent.

When a debt is disputed, the collection agency must note this fact when reporting the debt to a consumer reporting agency. See 15 U.S.C. § 1681s-2(a)(3). Gelakoski, however, introduces no admissible evidence that Colltech asserted its right to report the debt despite his alleged protests regarding its accuracy.[2]

---

[2] In opposition to Colltech's motion, Gelakoski submitted a recording of a purported phone call between the parties. Pl.'s Ex. K. This recording, however, was not accompanied by an authenticating affidavit or noticed on ECF. On a motion for summary judgment, "documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts (continued...)

Moreover, Colltech states that Gelakoski never disputed the debt as fraudulent.[3] Costello Aff. ¶ 8. Viewing these facts in the light most favorable to Gelakoski, the court concludes that no reasonable juror could find that Colltech engaged in false or misleading practices by explaining its right to report the debt.

### 3. Blocked Phone Number

Gelakoski next argues that Colltech used a deceptive practice by calling from a blocked phone number. Specifically, Gelakoski alleges that Colltech "routinely blocked its number when contacting Plaintiff on his cell phone." Compl. ¶ 35. Colltech responds that it never called Plaintiff's cellular number. Costello Aff. ¶ 6. Gelakoski conceded as much, explaining that he has a "Google Voice account that is routed to [his] cellular phone." Gelakoski Aff. ¶ 2. Moreover, Gelakoski's affidavit presents no evidence that Colltech blocked its phone number. As a result, no reasonable

---

[2](...continued)
as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered." Stuart v. Gen. Motors Co., 217 F.3d 621, 636 n.20 (8th Cir. 2000) (citations omitted). The court, therefore, does not consider the content of the unauthenticated recording.

[3] The court notes that informing a debtor "that failure to pay could adversely affect [his] credit reputation" does not constitute a false representation under the FDCPA. Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996).

juror could find that Colltech blocked its number while calling Gelakoski. Therefore, summary judgment as to the FDCPA claim is warranted.

**III. TCPA Claim**

Under the TCPA, it is unlawful for any debt collector "to make any call ... using any automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A). Gelakoski argues that Colltech contacted him using an auto-dialer. Specifically, Gelakoski explains he "believe[s] that [his] phone numbers were dialed automatically." See Gelakoski Aff. ¶ 13. Gelakoski, however, provides no support for this allegation other than this conclusory assertion. Colltech explains, however, that it does not own an auto-dialer. Costello Aff. ¶ 9. As a result, no reasonable juror could find that Colltech called Gelakoski from an auto-dialer. Therefore, summary judgment as to the TCPA claim is warranted.

**IV. State Law Claims**

The court has already dismissed the FDCPA and TCPA claims, the claims for which original jurisdiction existed. The court must now consider whether to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience,

fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Based on consideration of the pendent jurisdiction factors, the court does not exercise its discretion to take supplemental jurisdiction over the state-law claims. Therefore, the court dismisses Gelakoski's remaining state-law claims without prejudice.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 8] is granted in part;

2. Plaintiff's claims under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act are dismissed with prejudice; and

3. Plaintiff's state law claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 10, 2013

           s/David S. Doty
           David S. Doty, Judge
           United States District Court